# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD LABAT** | * | **CIVIL ACTION** |
| | * | |
| **versus** | * | **NO.:** |
| | * | |
| **SHELL PIPELINE COMPANY, LP** | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE JUDGE:** |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant, Shell Pipeline Company LP ("Shell"), with full reservation of any and all defenses, exceptions, and objections, whether in state court or federal court, including objections to personal jurisdiction, venue, forum selection, and convenience of the forum, hereby removes to this Court the civil action now pending in the 19th Judicial District Court for the Parish of Baton Rouge, State of Louisiana, entitled *Richard Labat v. Shell Pipeline Company, LP*, No. C-711595 (the "State Court Action"). Removal is based on the following grounds:

1. The plaintiff, Richard Labat ("Labat"), filed his Petition for Damages in the State Court Action on September 22, 2021.

2. Shell was served with a copy of the Petition filed in the State Court Action on October 29, 2021.

3. Shell is the sole defendant in the State Court Action.

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed with the Court within thirty (30) days after Shell was served with a copy of the Petition upon which this action is based.

5. Pursuant to 28 U.S.C. § 1441(a), removal is proper to this Court, as the Middle District is the district where the State Court Action is pending.

6. Removal is proper under the general removal statute, 28 U.S.C. § 1441, because this Court has both federal question subject matter jurisdiction under 28 U.S.C. § 1331 and diversity subject matter jurisdiction under 28 U.S.C. § 1332(a) over Labat's State Court Action.

7. Labat's State Court Action makes claims related to and arising under a Company-sponsored medical plan, which is an employee welfare benefit plan as defined by Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.  Therefore, Labat's artfully pled state law claims are preempted by ERISA, 29 U.S.C. § 1144(a) and are subject to the complete preemption doctrine of *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

8. Litigation under ERISA presents a federal question under 28 U.S.C. § 1331(a), which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action of which this Court has original jurisdiction.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over any state law claims asserted in the Petition which are deemed not preempted by ERISA because such claims are so related to Labat's claims arising under federal law that they form part of the same case or controversy.

10. In addition, removal of all of Labat's claims is also proper under 28 U.S.C. § 1441 in that this is a civil action over which this Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).

11. Federal district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

12. Federal diversity jurisdiction is proper in this matter because (1) there is complete diversity among the properly joined parties, and (2) the jurisdictional amount is met.

13. According to the Petition for Damages, Labat is a citizen of Arizona.

14. Shell is a limited partnership formed under the laws of Delaware. Its two partners are Shell Transportation Holdings LLC and Shell Pipeline GP LLC. These entities are limited liability companies, and Equilon Enterprises LLC is the sole member of both entities. Equilon Enterprises LLC's members are Shell Oil Products Company LLC and TMR Company LLC. Shell Oil Company, a corporation formed under the laws of Delaware with its principal place of business in Houston, Texas, is the sole member of both Shell Oil Products Company LLC and TMR Company LLC. Accordingly, none of the partners of Shell or their members are citizens of Arizona.

15. Thus, complete diversity of citizenship exists between Labat and Shell.

16. Labat alleges in his Petition that the amount in controversy "far exceeds $50,000," and specifically references a loss of $93,000 plus attorney's fees and compensation for emotional distress, anxiety, and loss of enjoyment of life.

17. Based upon these allegations, Shell asserts it is facially apparent that, due to the nature and extent of damages claimed, the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders which have been served upon Shell as of the time of removal are attached hereto as "Exhibit A."

19. Pursuant to 28 U.S.C. § 1446(d), Shell will promptly give written notice of the filing of this Notice of Removal to Labat.

20. Shell will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court, Parish of Baton Rouge, State of Louisiana, as required by 28 U.S.C. § 1446(d).

21. By virtue of this Notice of Removal, Shell does not waive its right to assert any claims, defenses, exceptions, or motions.

**WHEREFORE**, Shell removes this lawsuit from the 19th Judicial District Court for the Parish of Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

/s/ Thomas J. McGoey II
Thomas J. McGoey II, T.A. (La. Bar No. 18330)
Courtney Harper Turkington (La. Bar No. 38255)
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
TJMcGoey@Liskow.com
CHTurkington@Liskow.com

*Attorneys for Shell Pipeline Company LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of November, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and I further certify that, on the

5334568_1

same day, I mailed, faxed, or e-mailed the foregoing document with exhibits and notice of electronic filing to the attorneys for all parties or to all unrepresented parties.

                                              /s/ Thomas J. McGoey II

5334568_1