

# Service of Process Transmittal

10/29/2021
CT Log Number 540499211

**TO:** Robin Johnson
Shell Oil Company
150 N DAIRY ASHFORD RD
HOUSTON, TX 77079-1115

**RE: Process Served in Louisiana**

**FOR:** Shell Pipeline Company LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard Labat vs. Shell Pipeline Company, Lp |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # C711595 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/29/2021 at 08:45 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/29/2021, Expected Purge Date: 11/03/2021<br>Image SOP<br>Email Notification, Patricia Gunning patricia.gunning@shell.com<br>Email Notification, Robin Johnson robin.l.johnson@shell.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



EXHIBIT A

**SERVICE COPY**



**D7498397**

# CITATION

**RICHARD LABAT**
**(Plaintiff)**

**VS**

**SHELL PIPELINE COMPANY, LP**
**(Defendant)**

**NUMBER C-711595 SEC. 22**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO: SHELL PIPELINE COMPANY, LP**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**CT CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **SEPTEMBER 28, 2021.**

SEAL OF THE CLERK OF THE PARISH OF EAST BATON ROUGE LA

Magan Harris

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: KRAUS, DOUGLAS R**
**(504) 302-7802**

*The following documents are attached:
**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of _______________, 20____ and on the ________ day of _______________, 20______, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at ____________________________________.

**DOMICILIARY SERVICE:** On the within named ______________________________, by leaving the same at his domicile in this parish in the hands of ______________________, a person of suitable age and discretion residing in the said domicile at ________________________.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to ________________________.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named ______________________ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _________ day of _____________, 20_____.

RECEIVED
OCT 28 2021
E.B.R. SHERIFF'S OFFICE

SERVICE:$__________
MILEAGE$__________
TOTAL: $__________

______________________________
Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

EAST BATON ROUGE PARISH C-711595
Filed Sep 27, 2021 10:37 AM 22
Deputy Clerk of Court
FAX Received Sep 22, 2021

BRENER & KRAUS, LLC

3640 MAGAZINE ST.
NEW ORLEANS, LA 70115
P (504) 302-7802
F (504) 304-4759

September 23, 2021

***Via Federal Express:***
Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
P.O. Box 1991
Baton Rouge, LA 70821-1991

Re: Richard Labat v. Shell Pipeline Company, LP

To Whom It May Concern:

Enclosed please find an original and two (2) copies of a Petition for Damages filed on behalf of Plaintiff, Richard Labat related to the above referenced matter. Please file the original Petition for Damages into the Court, arrange for service and return a conformed copy to me in the self-addressed, stamped envelope provided. Our firm check number 3390 in the amount of $750.00 is enclosed to cover the cost of filing and service.

Thank you in advance for your cooperation.

Cordially yours,

Douglas R. Kraus

DRK/cal
Enclosure

LISA BRENER | 1954-2019 DOUGLAS R. KRAUS PARTNER | DKRAUS@BRENERLAWFIRM.COM

CHELSEA BRENER CUSIMANO PARTNER | CBCUSIMANO@BRENERLAWFIRM.COM SUSANNAH C. MCKINNEY PARTNER | SMCKINNEY@BRENERLAWFIRM.COM



**Doug Welborn**
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

**FAX RECEIPT**

**FROM: SUIT ACCOUNTING DEPARTMENT** **Date: SEPTEMBER 22, 2021**

**FAX NUMBER: (225) 389-3392** **Suit No.: C-711595**

**To: DOUGLAS R KRAUS** **Section: 22**

**RICHARD LABAT VS SHELL PIPELINE COMPANY, LP**

**Total Amount Due (Includes all applicable fees below) $750.00**

| | |
|---|---|
| 901-COVER LETTER | 1 PAGE |
| 1002-PET- DAMAGES -CIV | 6 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 09/22/2021, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

Megan D. Batiste

***Deputy Clerk of Court for***
***Doug Welborn, Clerk of Court***

Suit Accounting Dept. Form #6 Rev. 08/26/14

EAST BATON ROUGE PARISH C-711595
Filed Sep 27, 2021 10:37 AM 22
Deputy Clerk of Court
FAX Received Sep 22, 2021

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**DOCKET NO: _______** **DIVISION: "____"**

**RICHARD LABAT**

**VERSUS**

**SHELL PIPELINE COMPANY, LP**

**FILED:_______________________________ _________________________________**
**DEPUTY CLERK**

*************************************************************************************

# PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Richard Labat, Plaintiff herein, who, with respect represents as follows:

1.

Plaintiff, Richard Labat (hereinafter sometimes referred to as "Mr. Labat" or "Plaintiff") is an individual of the age of majority, a resident of and domiciled in Yavapai County, State of Arizona.

2.

Made Defendant herein is Shell Pipeline Company, LP (hereinafter sometimes referred to as "Shell"), a Delaware Partnership, with its principal business establishment in the State of Louisiana located in the Parish of East Baton Rouge, Louisiana and its registered agent for service of process located in the Parish of East Baton Rouge, Louisiana.

3.

Venue is proper in the Parish of East Baton Rouge pursuant to La. C.C.P. art. 42(6) because Shell Pipeline Company, LP's appointed agent for service's designated post office address is located in the Parish of East Baton Rouge.

4.

Mr. Labat began working for LOOP, LLC, a Shell Oil Company joint venture, on or about September 29, 1992, as a Maintenance Technician in Cut Off, Louisiana where he continued to work and was promoted to the position of Senior Engineering Technician until on or about September 17, 2006.

5.

On or about September 18, 2006, Mr. Labat's employer changed to Shell Pipeline Company, LP, where he began as a Line Integrity Specialist working primarily in Gibson, Louisiana in Terrebonne Parish.

6.

Mr. Labat continued to work for Shell Pipeline Company, LP in Gibson, Louisiana being promoted to the position of Senior Engineering Technician until September 30, 2020, until he took an early retirement pursuant to a Special Severance Plan on or about September 30, 2020.

7.

In June 2020, Shell Pipeline Company, LP approached Mr. Labat asking that he consider taking an early retirement pursuant to a Special Severance Plan for certain pipeline employees assigned to pipeline downstream.

8.

Prior to making his decision to take an early retirement and execute the Special Severance Plan, a contract, Mr. Labat doggedly sought to verify that his date of hire for purposes of the severance agreement was his September 29, 1992 hire date by LOOP, LLC, a Shell Oil Company joint venture, including for such purposes as for allowance to continue in his Shell Pipeline Company, LP's Company-sponsored medical plan.

9.

In response to his inquiries, Shell Pipeline Company, LP's human resources made statements i.e. promises that Mr. Labat's twenty-eight (28) years of service would apply to health care, retirement and severance.

10.

Mr. Labat repeatedly sought clarification of the issue and Shell Pipeline Company, LP, through its HR representative Julia Reyes stated in no uncertain terms that his service date for insurance benefit purposes was twenty-eight (28) years as of September 29, 2020. Specifically, Ms. Reyes stated:

> *Hi Ritchie,*
>
> *Per checking, you are pension eligible in our tracker and will reach 28 years of service on September 29. You may want to call Fidelity and inform them. Once you call them, please ask for a reference/ticket number so in case we need to escalate we have a reference. Thank you!*

*Regards,*
*Julia*

11.

Additionally, Mr. Labat had nine Fidelity Service Tickets regarding the issue prior to his execution of the Severance Agreement which, again, were silent as to the amount of service to be used when calculating his qualifications for health insurance.

12.

Based upon Shell Pipeline Company, LP's statements and assurances that for purposes of the Special Severance Plan's eligibility for continued participation in a Company-sponsored medical plan with the Company premium contribution for coverage which he had in effect immediately prior to separation from his employment pursuant to his voluntary resignation, on September 30, 2020, Mr. Labat executed the Special Severance Plan.

13.

At the time Mr. Labat executed the Special Severance Plan, Mr. Labat domiciled in Lafourche Parish, Louisiana and with his Shell Pipeline Company, LP's office located in Terrebonne Parish, Louisiana.

14.

Again, on October 23, 2020, Julia Reyes of Shell Pipeline Company, LP confirmed that the Fidelity pension team had confirmed his proper years of service to be twenty-eight (28) years pursuant to the September 29, 1992 effective date of service. Specifically, Ms. Reyes stated, "The Fidelity Pension Team has confirmed they have your correct service dates."

15.

Only after his execution of the Special Severance Plan, for the first time, did Shell Pipeline Company, LP contend that for purposes of the Plan, Mr. Labat's date of hire would be considered September 18, 2006 as opposed to the 28 years they had been representing to him prior to execution of the Special Severance Plan.

16.

After Shell Pipeline Company, LP arbitrarily contradicted itself claiming for purposes of the Plan and, more specifically, Mr. Labat's entitlement to a Company-sponsored medical plan his date of hire would be considered September 18, 2006, on November 2, 2020, Jessie Stanley, VP Pipeline of Operations of Shell Pipeline Company, LP interceded on Mr. Labat's behalf to HR Operations and Ms. Reyes stating:

*Please can I ask that this case be escalated and reassigned. It is crazy that I have an employee chasing this issue for months now and considerable financial burden now has been encountered. I would like to see this week an effective resolution of the case – there have been too many emails 'working it'. We have chains and chains of emails and a former member of my team is spending hours chasing this down. We clearly need to ensure with Fidelity that Richard's 80 points are considered in his insurance.*

*Please act immediately.*

*Thanks, Jess*

17.

Then, on or about December 1, 2020, Shell Pipeline Company, LP, denied Mr. Labat's appeal of his retiree benefits eligibility stating effective September 18, 2006,, Shell adopted a new approach to subsidizing retiree medical coverage and his date of hire would be considered December 31, 2016.

18.

As a result of Shell Pipeline Company, LP's change in Mr. Labat's stated date of hire for purposes of calculating his eligibility for continuance of a Company-sponsored medical plan there was a $93,000 shortfall for what he had budgeted for his future health insurance based upon the representations i.e. promises of Shell Pipeline Company, LP when they induced Mr. Labat to agree to a voluntary early retirement from his employment with Shell Pipeline Company, LP on September 30, 2020.

**COUNT ONE:**

Detrimental Reliance/Promissory Estoppel

19.

Plaintiff reasserts the allegations of fact as contained herein in Paragraph 1 through 18.

20.

Plaintiff submits that he is entitled to damages including, but not limited to, the increased cost of his health care due to the fact that Shell Pipeline Company, LP has now, contrary to its prior statements and promises that Mr. Labat would be eligible for a Company-sponsored medical plan, denied him such eligibility under the principles of promissory and/or equitable estoppel.

**COUNT TWO:**

*Fraud*

21.

Plaintiff reasserts each of the allegations set forth herein above in Paragraphs 1 through 18.

22.

Shell Pipeline Company, LP's false statements, misrepresentations of material fact and suppression of truth in its communications with Mr. Labat leading up to the execution of the Special Severance Plan constitute Fraud pursuant to Louisiana Civil Code Article 1953.

23.

Mr. Labat would not have chosen an early retirement and executed the Special Severance Plan had Shell Pipeline Company, LP been forthcoming and truthful in its assertions and promises to Mr. Labat prior to him executing the agreement.

24.

Plaintiff has suffered substantial loss as a result of Shell Pipeline Company, LP's fraud, in addition to the substantial loss Plaintiff has sustained as a result of the Defendant's other acts and omissions alleged in this lawsuit.

25.

As a result of Shell Pipeline Company's fraudulent misrepresentations of material fact, false statements and suppression of the truth under La. Civ. Code Art. 1953 and/or La. Civ. Code Art. 1956, upon which misrepresentations, false statements and suppression of the truth Plaintiff relied, and all which constitute fraud, Plaintiff is entitled to all damages he has sustained as set forth in Paragraph 18 above, including attorney's fees, pursuant to Louisiana Civil Code Article 1958, and for compensation of his emotional distress, anxiety and loss of enjoyment of life.

26.

Any waiver or release on behalf of Plaintiff contained in the Special Severance Plan is invalidated as a result of Shell Pipeline Company's fraudulent misrepresentations of material fact, false statements and suppression of the truth under La. Civ. Code Art. 1953 and/or La. Civ. Code Art. 1956, upon which misrepresentations, false statements and suppression of the truth Plaintiff relied.

**TRIAL BY JURY**

27.

The amount in controversy far exceeds $50,000.00, and Plaintiff is entitled to and requests a trial by jury.

**WHEREFORE**, premises considered, Plaintiff, Richard Labat, prays that Defendant, Shell Pipeline Company, LP, be served with this lawsuit and that Judgment be issued against Defendant for an award for all damages sustained by Plaintiff including, but not limited to, all amounts owed to him based upon Defendant's misrepresentations, assurances and promise that he would be entitled to a Company-sponsored medical plan and the shortfall for Defendant's failure to comply with the same, and as a result of Defendant's fraudulent misrepresentations of material fact, false statements and suppression of the truth including damages for penalties, costs, attorney's fees and for compensation of his emotional distress, anxiety and loss of enjoyment of life with legal interest from this date until Judgment is rendered herein.

Respectfully submitted,

Douglas R. Kraus (#26668)
Susannah C. McKinney (#34349)
Chelsea B. Cusimano (24349)
Brener & Kraus, LLC
3640 Magazine Street
New Orleans, Louisiana 70015
Telephone: (504) 302-7802
dkraus@brenerlawfirm.com
smckinney@brenerlawfirm.com
cbcusimano@brenerlawfirm.com
***Attorneys for Richard Labat***

**PLEASE SERVE:**
**Shell Pipeline Company, LP**
**Through its Registered Agent for Service of Process:**
**CT Corporation System**
**3867 Plaza Tower Dr.**
**Baton Rouge, Louisiana 70816**