## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

RICHARD LABAT                                                                                         CIVIL ACTION NO.

VERSUS

                                                                                                              21-690-JWD-EWD

SHELL PIPELINE COMPANY, LP

## AMENDED LIMITED SCHEDULING ORDER

The Joint Motion for Minor Amended to Limited Scheduling Order[1] is hereby **GRANTED** for good cause shown. The previously issued Limited Scheduling Order[2] is hereby amended as follows:[3]

The parties disagree as to whether this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA").[4] As resolution of whether ERISA governs is a threshold issue,[5] the Court establishes the following limited scheduling order to facilitate the efficient progression of this action:

By no later than EXPIRED, Defendant Shell Pipeline Company, LP ("Shell") the following: (i) what Shell contends is a complete copy of the employee benefit plan and summary plan description; **AND** (ii) what Shell contends is a copy of the complete administrative record concerning Plaintiff's claim for benefits. **The employee benefit plan, summary plan description and administrative record should be bates-labeled when filed.**

---

[1] R. Doc. 12.
[2] R. Doc. 7.
[3] Prior deadlines are restated here for ease of reference unless expired. All new deadlines are indicated in bold type.
[4] *See* R. Doc. 6 (Status Report), at p. 1, Plaintiff's Claims ("Mr. Labat states to [sic] causes of action: (1) Detrimental Reliance/Promissory Estoppel; and (2) Fraud. Mr. Labatt has neither pled nor is asserting any cause of action pursuant to ERISA") compared with p. 5, Defendant's Claims ("Mr. Labat's artfully pled state law claims, however, are preempted by ERISA, 29 U.S.C. § 1144(a) and are subject to the complete peremption doctrine of Metro. Life Ins. Co. v. Taylor, 481 U.S.C. 58 (1987)").
[5] Cases governed by ERISA are subject to limited discovery and limited review by the Court.

By no later than EXPIRED, Plaintiff Richard Labat ("Labat") shall file (i) a Notice stating that the Plaintiff agrees the administrative record is complete **OR** (ii) a motion to supplement the administrative record. Any motion to supplement must describe the alleged omitted documents and set forth the basis for the contention that the documents were improperly omitted. Additionally, if Plaintiff possesses the documents, Plaintiff shall attach the allegedly omitted documents to the motion to supplement.[6]

By no later than EXPIRED**,** the parties shall confer to discuss whether they agree on any of the following issues: (1) whether ERISA governs the employee benefit plan at issue; (2) whether the plan vests the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan; and (3) and whether ERISA preempts all state law claims related to the employee benefit plan.

By no later than **May 13, 2022**, Shell shall address the following issues: (1) whether ERISA governs the employee benefit plan at issue; (2) whether the plan vests the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan; and (3) and whether ERISA preempts all state law claims related to the employee benefit plan, by filing:

  i. A joint stipulation as to any of these issues on which the parties agree; **AND/OR**

  ii. A summary judgment motion presenting any issues on which the parties cannot agree to the Court for resolution.

By no later than **June 3, 2022**, Plaintiff Richard Labat shall file any response to Shell's filings on these issues.[7]

By no later than **June 10, 2022**, Shell shall file any reply memorandum.

---

[6] Whether or not ERISA is determined to govern Labat's claims, the plan documents and the administrative record appear relevant to the claims in this matter.

[7] If a motion to supplement the record has been filed and Labat believes the record needs to be supplemented to adequately respond to any filings by Shell, Labat may request relief from this filing deadline.

All discovery in this matter is **STAYED**, pending resolution of any motions on preliminary issues. The time limits set forth in this Order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Fed. R. Civ. P. 16.

Signed in Baton Rouge, Louisiana, on April 29, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**